IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ANTHONY DAVILLA,

    Plaintiff,

vs.

NATIONAL INMATE APPEALS
COORDINATOR, ROBIN GLADDEN,
General Counsel; REGIONAL
ADMINISTRATIVE REMEDIES
COORDINATOR, R. E. HOLT,
General Counsel; ANTHONY HAYNES,
and DR. BRUCE COX, Chaplin,

    Defendants.

CIVIL ACTION NO.: CV212-005

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Anthony Davila ("Plaintiff"), who is currently incarcerated at the McDuffie County Jail in Thomson, Georgia, filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement while he was housed at the Federal Correctional Institution in Jesup, Georgia. Defendants filed a Motion to Dismiss. Plaintiff filed a Response, and Defendants filed a Reply. Plaintiff filed a Surreply. For the reasons which follow, Defendants' Motion to Dismiss should be **GRANTED** in part and **DENIED** in part.

## STATEMENT OF THE CASE

Plaintiff alleges that he has been denied access to Santeria Beads and Cowrie Divination Shells that contain Ache, which he claims are necessary to the practice of his religion, Santeria. Plaintiff asserts that he has explained to prison officials that these religious items are not available for purchase from approved prison sources. Plaintiff alleges that he has filed administrative remedies in accordance with Bureau of Prisons' policies, and he has sued each person who denied his administrative remedies asserting that they contributed to the alleged deprivation of his freedom of religion. Plaintiff names as Defendants: Dr. Cox, Chaplain at FCI Jesup; Anthony Haynes, Warden at FCI Jesup; R.E. Holt, Regional Administrative Remedies Coordinator; and Robin Gladden, National Inmate Appeals Coordinator. Plaintiff's Complaint was served based on Bivens, the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1, et seq. ("RLUIPA"), and the Religious Freedom and Reformation Act of 1993, 42 U.S.C. § 2000bb, et seq. ("RFRA").

Defendants contend that Plaintiff's Bivens claims against them in their official capacities should be dismissed. Defendants also contend that Plaintiff's claims against them in their individual capacities should be dismissed because they are entitled to qualified immunity.

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the

2

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

## DISCUSSION AND CITATION TO AUTHORITY

### I. Official Capacity Claims Under Bivens

While a plaintiff may bring a Bivens action against a federal officer in his individual capacity, a plaintiff may not bring a Bivens action against a federal agency or a federal officer acting in his official capacity. Solliday v. Federal Officers, 413 F. App'x 206, 209 (11th Cir. 2011) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 71 (2001), for the holding that Bivens is "solely concerned with deterring the unconstitutional acts of individual officers."); and FDIC v. Meyer, 510 U.S. 471, 486 (1994) (declining to permit a damages remedy under Bivens against federal agencies). Accordingly, this portion of Defendants' Motion should be granted and Plaintiff's Bivens claims against Defendants in their official capacities should be dismissed.

AO 72A
(Rev. 8/82)

## II. Qualified Immunity

Defendants contend that Plaintiff's remaining claims against them are barred pursuant to qualified immunity, because his Complaint, as amended, fails to allege a "plausible violation of his clearly established constitutional or statutory rights." (Doc. No. 39, p. 5). Specifically, Defendants allege that Plaintiff's First Amendment claims and his claims under the RLUIPA and RFRA should be dismissed.

Qualified immunity protects government officials performing discretionary functions from suit in their individual capacities, so long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1232 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)). Government officials must first prove that they were acting within their discretionary authority. Id. at 1233; Ray v. Foltz, 370 F.3d 1079, 1081-82 (11th Cir. 2004). "A government official acts within his or her discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the official's duties and within the scope of this authority." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1185 n. 17 (11th Cir.1994). Once the government official has shown he was acting within his discretionary authority, the burden shifts to the Plaintiff to show that the Defendant is not entitled to qualified immunity. The Supreme Court has established a two-part test to determine the applicability of qualified immunity: the court must determine whether plaintiff's allegations, if true, establish a constitutional violation, and whether the right

4

was clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001)[1]; Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004).

A.  **First Amendment Claims**

Defendants contend that the four (4) factors of Turner v. Safley, 482 U.S. 78 (1987), favor a finding that Program Statement 5360.09, as implemented, did not violate Plaintiff's First Amendment right to free exercise of religion.

The Free Exercise Clause of the First Amendment "requires government respect for, and noninterference with, the religious beliefs and practices of our Nation's people." Cutter v. Wilkinson, 544 U.S. 709, 719 (2005). Prisoners retain their First Amendment rights, including rights under the free exercise of religion clause; however, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Brunskill v. Boyd, 141 F. App'x 771, 774 (11th Cir. 2005) (quoting O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987)). Deference is given to prison officials, and, as a result, courts employ a "reasonableness" test to determine whether a regulation infringes constitutional rights. Id. The Supreme Court has outlined four factors to be considered in determining the reasonableness of a regulation: (1) "whether the regulation has a valid, rational connection to a legitimate governmental interest;" (2) "whether alternative means are open to inmates to exercise the asserted right;" (3) "what impact an accommodation of the right would have on guards and inmates and prison resources;" and (4) "whether there are ready alternatives to the regulation." Turner, 482 U.S. at 89-91. The fourth factor asks whether "a prisoner has pointed to

---

[1] In Pearson v. Callahan, 555 U.S. 223, 236 (2009), the Supreme Court held that courts can exercise discretion in deciding which of the two Saucier prongs should be addressed first in light of the particular case at hand.

some obvious regulatory alternative that fully accommodates the asserted right while not imposing more than a de minimis cost to the valid penological goal." Overton v. Bazzetta, 539 U.S. 126, 136 (2003).

The undersigned recognizes Defendants' assertion that the Bureau of Prisons' ("BOP") Program Statement 5360.09, which governs religious beliefs and practices at its penal institutions, has a valid, rational connection to ensuring institutional security. However, the undersigned also recognizes that Plaintiff, who is proceeding *pro se*, should have an opportunity to present evidence that this Program Statement does not meet the "reasonableness" test factors set forth in Turner as to his religious beliefs and practices. The pleadings before the Court do not reveal that Plaintiff's contention that Defendants violated his First Amendment rights are beyond plausibility. This portion of Defendants' Motion should be denied.

### B. RLUIPA Claims

Defendants contend that Plaintiff's RLUIPA claims should be dismissed because this Act does not permit monetary damages claims against individual defendants.

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of [Title 42], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-
>
> (1) is in furtherance of a compelling government interest; and
>
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a). "Section 1997 defines an institution as a facility or institution that, among other things, 'is owned, operated, or managed by, or provides services on

behalf of any State or political subdivision of a State.'" Ish Yerushalayim v. United States, 374 F.3d 89, 92 (2d Cir. 2004) (quoting 42 U.S.C. § 1997(1)(A)). A "'State' means 'any of the several States, the District of Columbia, the Commonwealth of Puerto Rico, or any of the territories and possessions of the United States.'" Id. (quoting 42 U.S.C. § 1997(4)). Because the RLUIPA clearly does not create a cause of action against the federal government or its correctional facilities, id., the RLUIPA offers no cause of action against federal employees. Deville v. Crowell, No. 08-3076-SAC, 2011 WL 4526772, at *6 n.6 (D. Kan. Sept. 28, 2011) (dismissing plaintiff's claims under the RLUIPA because plaintiff was a federal inmate with no cause of action under that Act); Jean-Pierre v. Bureau of Prisons, No. 09-266, 2010 WL 3852338, at *5 & n.4 (W.D. Pa. July 30, 2010) (stating the RLUIPA does not create a cause of action against the federal government or its correctional facilities and collecting cases for the proposition that neither the RLUIPA nor the RFRA support damage claims against government officials in their individual capacities); Doyon v. United States, No. A-07-CA-977-SS, 2008 WL 2626837, at *4 (W.D. Tex. June 26, 2008) (finding no viable claim under the RLUIPA because it does not apply to the federal government); and Jackson v. Federal Bureau of Prisons, No. 06-592(GK), 2006 WL 2434938, at *3 (D. D.C. Aug. 22, 2006) (noting that the conclusion that the only sensible construction of the RLUIPA is that it does not create a cause of action against the federal government, as this Act was passed in response to City of Boerne v. Flores, 521 U.S. 507 (1997), which did not allow the application of the RFRA to the states). Accordingly, this portion of Defendants' Motion should be granted and Plaintiff's RLUIPA claims against Defendants should be dismissed.

AO 72A
(Rev. 8/82)

## C. RFRA Claims

Defendants contend that, because the RLUIPA does not permit an award of monetary damages, it follows that the Religious Freedom Restoration Act ("RFRA") does not permit an award of monetary damages either. In the alternative, Defendants maintain, Plaintiff does not state a viable claim under the RFRA.

The RFRA, 42 U.S.C. §§ 2000bb to 2000bb-4, forbids the government from "substantially burden[ing] a person's exercise of religion"[2] unless the government can "demonstrate[ ] that application of the burden to the person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(b). Although the Supreme Court has declared RFRA unconstitutional as applied to the states, the RFRA still applies to acts of the federal government and its officials. Gonzalez v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418 (2006) (stating that pursuant to RFRA, the federal government must demonstrate a compelling interest when substantially burdening the exercise of religion). The "RFRA requires the Government to demonstrate that the compelling interest test is satisfied through application of the challenged law 'to the person'—the particular claimant whose sincere exercise of religion is being substantially burdened." Id. at 430-31 (quoting 42 U.S.C. § 2000bb-1(b)). "A 'substantial burden' is akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly. Thus, a substantial burden can result from pressure that tends to force adherents to forego religious

---

[2] "Exercise of religion" is defined to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A).

8

precepts or from pressure that mandates religious conduct." Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1227 (11th Cir. 2004). "[I]n order to constitute a 'substantial burden' on religious practice, the government's action must be 'more than incidental' and 'must place more than an inconvenience on religious exercise.'" Smith v. Allen, 502 F.3d 1255, 1277 (11th Cir. 2007) (quoting Midrash Sephardi, 366 F.3d at 1227). "That is, to constitute a substantial burden, the governmental action must significantly hamper one's religious practice." Id. However, in the context of prisons, "courts [should] afford deference to the judgment of prison officials." Lawson v. Singletary, 85 F.3d 502, 509 (11th Cir. 1996). Once a plaintiff establishes that a regulation imposes a substantial burden on the exercise of his religion under RFRA, the "burden shifts to the government to demonstrate that 'application of the burden' to the claimant 'is in furtherance of a compelling governmental interest' and 'is the least restrictive means of furthering that compelling governmental interest.'" Kikumura v. Hurley, 242 F.3d 950, 961-62 (10th Cir. 2001) (quoting 42 U.S.C. § 2000bb-1(b)).

It is not clear at this point whether requiring Plaintiff to purchase Santeria bead and Cowrie shells through the prison's commissary or an approved catalog source imposes a substantial burden on Plaintiff's exercise of his religion under the RFRA. Again, Plaintiff is proceeding *pro se* in this case, and the pleading standards for prisoner-plaintiffs are somewhat lower than those applicable to attorneys. While the undersigned makes no determination at this time whether Plaintiff's exercise of religion has been substantially burdened, Plaintiff should have the opportunity to present evidence in support of this contention. Plaintiff's claims under the RFRA are arguably

plausible, even if those claims may not prevail ultimately. This portion of Defendants' Motion should be denied.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED** in part and **DENIED** in part. Plaintiff's <u>Bivens</u> claims for monetary damages against Defendants in their official capacities and his RLUIPA claims should be **DISMISSED**. Plaintiff's First Amendment claims and his claims under the RFRA should remain pending at this time.

**SO REPORTED** and **RECOMMENDED**, this 15th day of June, 2012.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)