FILED
U.S. DISTRICT COURT

2012 AUG 31 PM 2: 11

CLERK _____
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

ANTHONY DAVILLA,      :

       Plaintiff,     :

    vs.          :       CIVIL ACTION NO.: CV212-005

NATIONAL INMATE APPEALS    :
COORDINATOR, ROBIN GLADDEN,   :
General Counsel; REGIONAL      :
ADMINISTRATIVE REMEDIES     :
COORDINATOR, R. E. HOLT,      :
General Counsel; ANTHONY HAYNES,   :
and DR. BRUCE COX, Chaplin,    :

       Defendants.    :

**ORDER**

After an independent and *de novo* review of the entire record, the undersigned

concurs, in part, with the Magistrate Judge's Report and Recommendation, to which

Defendants filed Objections. Plaintiff responded to Defendants' Objections.

In their Objections, Defendants assert that Plaintiff has failed to allege a plausible

First Amendment violation, and, even if he did, his First Amendment claims should be

dismissed because Defendants are entitled to qualified immunity. Defendants allege

that the proper inquiry is not whether Plaintiff generally has a clearly established right to

the free exercise of religion, but rather, whether he has the clearly established right to

receive religious items through unauthorized, unsecured vendors. Defendants also

allege that Bureau of Prisons' officials relied on governing policy in good faith, and they

are not liable for any resulting constitutional or statutory violation.

AO 72A
(Rev. 8/82)

In analyzing a motion to dismiss, it is often not possible for a court to judge the reasonableness of a policy or actions done in reliance on that policy.  As Defendants note, the Magistrate Judge recognized Defendants' assertion that the Bureau of Prisons' ("BOP") policy they relied upon to deny Plaintiff's requests for items had a valid, rational connection to ensuring institutional security under Turner v. Safely, 482 U.S. 78 (1987).  However, the Magistrate Judge merely recognized Defendants' *assertion* that they relied upon a BOP policy and that the particular policy satisfies at least a portion of the Turner holding.  This is not to say the Magistrate Judge necessarily agreed with that assertion and then recommended that Defendants' Motion be denied.  Defendants' Motion reads very much like a strong motion for summary judgment.  However, at this stage, given the status of the Plaintiff and the pleadings, it would be improper for the Court to enter judgment in Defendants' favor regarding Plaintiff's First Amendment claims.  These portions of Defendants' Objections are **overruled**.

However, the Court sustains Defendants' objections to the Magistrate Judge's conclusion regarding the Religious Freedom Restoration Act ("RFRA") claim.  The RFRA states that "[a] person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government."  42 U.S.C. § 2000bb-1(c). Before the United States can be sued, the United States must consent to suit. United States v. Mitchell, 463 U.S. 206, 212 (1983).  The federal government may waive its sovereign immunity by statute, but that waiver "must be unequivocally expressed in statutory text." Lane v. Peña, 518 U.S. 187, 192 (1996). The RFRA's reference to "appropriate relief" is not the sort of unequivocal waiver necessary because this broad term is susceptible to

AO 72A
(Rev. 8/82)

more than one interpretation. Webman v. Fed. Bureau of Prisons, 441 F.3d 1022, 1026 (D.C. 2006) (internal cites and quotes omitted). "'[A]ppropriate relief might include damages[, . . . but] another plausible reading is that 'appropriate relief' covers equitable relief[. G]iven Congress's awareness of the importance of sovereign immunity and its silence in the statute on the subject of damages," the RFRA does not waive the United States' sovereign immunity from claims for damages. Id.

As Defendants note, there is no binding precedent which addresses whether the RFRA bars claims against individual defendants for monetary damages. However, several courts have addressed this question and have determined that the RFRA does not allow for the recovery of monetary damages. Oklevueha Native American Church of Hawaii, Inc. v. Holder, 676 F.3d 829 (9th Cir. 2012) (the "appropriate relief" provision does not allow suits for monetary damages under the RFRA); Burke v. Lappin, 821 F. Supp.2d 244 (D.C. 2011) (the RFRA did not waive the federal government's sovereign immunity for damages); Jean-Pierre v. Bureau of Prisons, No. 09-266, 2010 WL 3852338 (W.D. Pa. July 30, 2010) (the RFRA does not waive sovereign immunity for monetary damages); Bloch v. Thompson, No. 1:03-CV-1352, 2007 WL 60930 (E.D. Tex. Jan. 5, 2007) (the RFRA does not waive immunity for damages); and Gilmore-Bey v. Coughlin, 929 F. Supp. 146 (S.D. N.Y. 1996) (the RFRA did not abrogate Eleventh Amendment bar to actions for monetary damages); but see, Agrawal v. Briley, No. 02C6807, 2006 WL 3523750 (N.D. Ill. Dec. 6, 2006) (the RFRA does not bar monetary damages).

The Eleventh Circuit Court of Appeals has not determined whether the RFRA bars monetary damages claims against individual defendants. However, the United

AO 72A
(Rev. 8/82)

States Supreme Court determined in <u>Sossamon v. Texas</u>, ___ U.S. ___, 131 S. Ct. 1651, 1659-60 (Apr. 20, 2011), that the "appropriate relief" provision of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-2(a), is not "the unequivocal expression" of consent for states to "waive their sovereign immunity to suits for damages." In <u>Smith v. Allen</u>, the Eleventh Circuit concluded that § 2000cc-2(a) "cannot be construed as creating a private cause of action against individual defendants for monetary damages." 502 F.3d 1255, 1275 (11th Cir. 2007), *abrogated on other grounds by* <u>Sossoman</u>. The "appropriate relief" section contained in the RFRA is identical to that contained in the RLUIPA. 42 U.S.C. §§ 2000bb-1(c) and 2000cc-2(a).

The undersigned has no reason to believe that the Eleventh Circuit's reasoning in a case pertaining to the RFRA would be any different than that court's reasoning in <u>Smith</u>, which concerned the RLUIPA and which is a statute of very similar construct as the RFRA. Accordingly, the undersigned agrees with Defendants that Plaintiff's monetary damages claims under the RFRA against Defendants are barred. <u>See</u> <u>Cardinal v. Metrish</u>, 564 F.3d 794, 799-801 (6th Cir. 2009) (noting the RLUIPA's "appropriate relief" provision is not a clear and unequivocal waiver of sovereign immunity and monetary damages claims are barred), and (citing <u>Webman</u>, 441 F.3d 1022, with seeming approval, that the RFRA does not authorize monetary damages claims). This portion of Defendants' Objections is **sustained**. This determination does not bar any claims for injunctive relief Plaintiff may have set forth against Defendants, and the undersigned adopts the Magistrate Judge's finding that Plaintiff's remaining claims under the RFRA are not subject to dismissal at this time.

AO 72A
(Rev. 8/82)

Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part. Plaintiff's claims made pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,</u> 403 U.S. 388 (1971), against Defendants in their official capacities, Plaintiff's claims pursuant to the RLUIPA, and Plaintiff's monetary damages claims pursuant to the RFRA are **DISMISSED**. Plaintiff's First Amendment and injunctive relief claims under the RFRA shall remain pending, for now.

  **SO ORDERED**, this 31 day of _____August_____, 2012.

                _____
                LISA GODBEY WOOD, CHIEF JUDGE
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)