# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ANTHONY DAVILA,

    Plaintiff,

v.

WARDEN ANTHONY HAYNES; and DR. BRUCE COX, Chaplain,

    Defendants.

CIVIL ACTION NO. 2:12-cv-5

## **O R D E R**

Presently before the Court is Defendants' Motion to Dismiss, (doc. 102), and Plaintiff's Motion to Amend his Complaint, (doc. 107). For the reasons and in the manner set forth below, the Court **GRANTS** Plaintiff's Motion to Amend and **DISMISSES** Defendants' Motion to Dismiss without prejudice.

## **BACKGROUND**

This Court's prior Orders lay out the factual and procedural history of this case in detail. Put succinctly, Plaintiff, an inmate at the Federal Correctional Institute in Jesup, Georgia, is a practicing member of the Santeria religion. He brought this action alleging that Defendants denied him access to his personal Santeria necklaces and Cowrie shells in violation of his constitutional and statutory rights. (Doc. 14, p. 1.)[1] This Court granted Defendants' motion to dismiss a substantial portion of Plaintiff's claims and later granted summary judgment as to the remaining claims. (Docs. 58, 85.) On appeal, the Eleventh Circuit affirmed in part, reversed in

---

[1] Plaintiff named numerous Defendants in his Amended Complaint. However, as the Eleventh Circuit noted, he only prosecuted his appeal as to Defendants Bruce Cox and Anthony Haynes. (Doc. 97, p. 2 n.1.) Because hPlaintiff did not appeal this Court's dismissal of the other Defendants, Cox and Haynes are the only remaining Defendants in this case. The Clerk of the Court is **DIRECTED** to amend the caption of this case to reflect that all Defendants other than Cox and Haynes have been dismissed.

part, and remanded for further proceedings. (Doc. 97.) Specifically, the Eleventh Circuit reversed this Court's grant of summary judgment on Plaintiff's claims for injunctive relief under the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb et seq. Id.

After remand, Defendants Bruce Cox and Anthony Haynes moved to dismiss Plaintiff's remaining claims for lack of jurisdiction. (Doc. 102.) Specifically, Defendants assert that Plaintiff's request for injunctive relief is now moot because the new chaplain at FCI Jesup, Kenneth Harris, has allowed Plaintiff to receive his personal Santeria necklaces and Cowrie shells. Id. Defendants provide an affidavit from Harris in support of that argument. (Doc. 102-1.) Harris avers that he has allowed Plaintiff to receive the requested items and replacement items, and that he will continue to do the same in the future. Id.

Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss as well as a Motion to Amend his Complaint. (Docs. 104, 107.) In his Reply Brief in support of his Motion to Amend, Plaintiff contends that since the filing of Chaplain Harris' affidavit, Harris has denied Plaintiff's requests to receive Santeria Religious Items. (Doc. 111.) Specifically, Plaintiff states that Harris refuses to allow Plaintiff to receive necklaces and bracelets containing ache from Alicia Lester, a Santeria Priestess. (Id. at p. 2.) Plaintiff claims that Harris ostensibly bases this denial on the fact that Lester is not an approved source/vendor. Id. Additionally, Plaintiff claims that Harris is placing more stringent restrictions on Plaintiff's receipt of religious items than those placed on other Santerían inmates.

**DISCUSSION**

**I. Plaintiff's Motion to Amend his Complaint**

Under Federal Rule of Civil Procedure 15(a), a party may amend his complaint once as a matter of right within twenty-one (21) days after service of a motion under Rule 12(b), (e),

2

or (f).² Even when a party may not amend as a matter of right, he may amend with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(b). "The court should freely give leave when justice so requires." Id. While leave to amend is generally freely given, it is by no means guaranteed. "The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1473. However, the decision on whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut., Ins. Co., 650 F.2d 663, 666 (5th Cir.1981). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Cooks v. United States, No. CV 114-195, 2015 WL 7069665, at *1 (S.D. Ga. Nov. 13, 2015) (quoting Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005)).

Here, Plaintiff filed his leave to amend long outside of the twenty-one day window for filing as a matter of right. Additionally, Plaintiff has already amended his Complaint. (Doc. 14.) Nonetheless, it is prudent to allow Plaintiff limited leeway to amend his claims. Plaintiff seeks to support his claims for injunctive relief with recent and, therefore, previously unknown events. These alleged events are directly related to his original claims. Additionally, Plaintiff's new factual allegations could directly impact Defendants' Motion to Dismiss. Plaintiff's claims that Chaplain Harris continues to impede Plaintiff's access to Santerían items bears upon Defendants'

---

² The Eleventh Circuit has made clear that the Prison Litigation Reform Act ("PLRA") does not change this right to amend. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("We agree with the majority of circuits that the PLRA does not preclude the district court from granting a motion to amend. Nothing in the language of the PLRA repeals Rule 15(a)."). Accordingly, the fact that the Court has already conducted a frivolity review of Plaintiff's Complaint and issued a Report and Recommendation does not deprive Plaintiff of his right to amend. Id.

3

argument that there is no live case or controversy because Plaintiff has received and will receive the items he requests.

For these reasons, the Court **GRANTS** Plaintiff's Motion to Amend. Plaintiff may file his Second Amended Complaint within **twenty-one days** of the date of this Order. However, Plaintiff is forewarned that he may not assert unrelated claims in one civil action. Smith v. Owens, No. 14-14039, 2015 WL 4281241, at *4 (11th Cir. July 16, 2015) (upholding this Court's dismissal of unrelated claims pursuant to Federal Rule of Civil Procedure 20(a), which will allow the joinder of claims if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action"). Accordingly, he is only granted leave to add claims regarding the denial of his requested religious items. Also, the Court does not give Plaintiff leave to reassert claims that have already been dismissed. Should Plaintiff attempt to file unrelated claims or claims that have already been dismissed, the Court may dismiss this action for his failure to abide by the Court's Order. Moreover, Plaintiff should specify in his Second Amended Complaint whether he names Chaplain Harris as a Defendant and whether he continues to pursue any claims against Defendants Cox and Haynes.

## II. Motion to Dismiss

Defendants Cox and Haynes properly raised the question of this Court's subject matter jurisdiction through their Motion to Dismiss. However, as discussed above, Plaintiff's request to amend raises allegations which could directly impact essential questions underlying the Motion to Dismiss. Moreover, ordinarily, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). "The law generally favors the consideration of all potential claims under one

complaint." Little v. Groome Transp. of Georgia, Inc., No. CIV.A 1:07-CV-0455-J, 2008 WL 4280362, at *3 (N.D. Ga. Sept. 15, 2008). Consequently, Plaintiff's impending filing of an amended complaint moots Defendants' Motion to Dismiss. Perkins v. Kushla Water Dist., No. CIV.A. 13-00286-KD-B, 2013 WL 4511329, at *1 (S.D. Ala. Aug. 23, 2013) ("Because Plaintiff's amended complaint is now the operative pleading in this action; Defendants' motion [to dimiss] is moot.") (citing Pintando v. Miami–Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir.2007); De Sisto College v. Line, 888 F.2d 755, 757 (11th Cir. 1983); Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002)).

Thus, the Court **DISMISSES** Defendants' Motion to Dismiss **without prejudice**. Defendants may reassert their Motion, if proper, after Plaintiff files his Second Amended Complaint.

## CONCLUSION

For the reasons and in the manner set forth above, the Court **GRANTS** Plaintiff's Motion to Amend his Complaint, (doc. 107), and **DISMISSES** Defendants' Motion to Dismiss (doc. 102).

**SO ORDERED**, this 9th day of June, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA