# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

ANTHONY DAVILA,

    Plaintiff,

v.

V.J. FLOURNOY; and KEN HARRIS, JR.,

    Defendants.

CIVIL ACTION NO.: 2:12-cv-5

## ORDER

Presently before that Court are Defendants' Objections, dkt. no. 129, to the Magistrate Judge's Report and Recommendation dated January 10, 2017, dkt. no. 127. After an independent and *de novo* review of the record, the undersigned **OVERRULES** Defendants' Objections, **CONCURS** with the Report and Recommendation, and **ADOPTS** the Report and Recommendation, as supplemented herein, as the opinion of the Court.

### BACKGROUND

The Court's prior Orders lay out the factual and procedural history of this case in detail. In short, Plaintiff, an inmate at the Federal Correctional Institution in Jesup, Georgia, is a practicing member of the Santeria religion. This action centers on Plaintiff's allegations that, on several separate instances,

Defendants denied Plaintiff access to Santeria necklaces required for his religious practice. After remand by the Eleventh Circuit Court of Appeals, Defendants filed a Motion for Summary Judgment on Plaintiff's claim for injunctive relief under the Religious Freedom and Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, et seq. Dkt. No. 119. In their Motion, Defendants argued that the prison's new policy of requiring unapproved vendors to undergo a background check and appear on an inmate's visitation list before sending religious articles does not violate RFRA. Id. Specifically, Defendants contended that the policy does not substantially burden Plaintiff's religious exercise and that, even if it did, the policy is narrowly tailored to protect a compelling government interest. Id.

On January 10, 2017, the Magistrate Judge recommended denial of Defendants' Motion for Summary Judgment. Dkt. No. 127. The Magistrate Judge found that the record, "when construed in favor of Plaintiff, establishes that Defendants' policy substantially burdened his exercise of religion . . . ."[1] Id. at p. 8. Having determined Defendants' policy placed a substantial burden on Plaintiff's exercise of religion, Defendants were then required to show that their policy

---

[1] Defendants do not dispute the sincerity of Plaintiff's religious beliefs. Dkt. No. 119, p. 11.

furthered a compelling government interest and was the least restrictive means of furthering that interest. The Magistrate Judge determined that, at this stage, Defendants failed on both fronts and recommended denial of the Motion for Summary Judgment. Defendants filed Objections on January 24, 2017. Dkt. No. 129.

**DISCUSSION**

Defendants object only to the Magistrate Judge's determination that the prison's policy substantially burdens Plaintiff's religious exercise. Dkt. No. 129, p. 3. In support of their contention, Defendants largely reiterate the arguments set forth in their Motion for Summary Judgment, which the Magistrate Judge fully addressed in his Report.

Defendants also attempt to liken the case here to Smith v. Allen, 502 F.3d 1255 (11th Cir. 2007), *abrogated on other grounds by* Sossamon v. Texas, 563 U.S. 277 (2011). Defendants argue that, just as in Smith, simply denying Plaintiff's sincere request for a religious item does not make the policy a substantial burden as a matter of law. Dkt. No. 129, pp. 4-5. However, in Smith, the Court determined that there was no substantial burden because the plaintiff had failed to "establish the need for, or relevance of" the religious items requested. Smith, 502 F.3d at 1277, 1280. Plaintiff's need for and the relevance of the requested religious items are not in

3

dispute in this case, and thus, this case cannot be paralleled to Smith.

Additionally, Defendants argue that there is no substantial burden because they have not "given Davila an 'absolute denial' of his requested religious items" and that he need only "tak[e] modest administrative steps" to acquire his necessary religious items. Dkt. No. 129, p. 6. However, as the Magistrate Judge noted in his Report, the policy requiring these "modest administrative steps" is itself problematic—the most concerning aspect of which is its ambiguous and "fluid" nature. Dkt. No. 124-1, p. 3. In fact, other than a sparse internal e-mail between the chaplains and affidavits from Defendant Harris, Defendants have failed to provide the Court with any concrete policy or procedure documenting the details and requirements of this new policy or even its actual existence. Dkt. No. 124-1, p. 6. That Defendants have inconsistently or "fluidly" applied this purported policy only serves to exacerbate the Court's concern.

Defendants contend that the inconsistent enforcement of their new policy is only relevant to RFRA's compelling interest analysis. Dkt. No. 129, p. 7. However, a substantial burden can be found by the plain fact that restrictions are imposed "arbitrarily, capriciously, or unlawfully." Westchester Day Sch. v. Vill. of Mamaroneck, 504 F.3d 338, 350 (2d Cir. 2007)

(considering land-use restrictions under RLUIPA); see also Guru Nanak Sikh Soc'y of Yuba City v. County of Sutter, 456 F.3d 978, 990-91 (9th Cir. 2006). How the government implements the policy, not merely the policy itself, is highly relevant to the analysis of governmental action. Furthermore, given the ambiguity within the purported policy in this case, the Government's apparently inconsistent application of that policy to Plaintiff is especially relevant to the Court's substantial burden analysis.

Finally, Defendants argue that, because Plaintiff was not personally impacted by the lack of time limitation for the chaplain to process a request, there is no substantial burden on his religious exercise. Dkt. No. 129, p. 7.[2] However, construing the record in Plaintiff's favor, this wide breadth of discretion to grant, deny, or interminably delay an inmate's request, combined with the ambiguity surrounding the policy and Defendants' haphazard application, fortifies Plaintiff's case for a substantial burden. Essentially, the purported policy gives no assurance to any inmate-much less Plaintiff-that even complete compliance will result in receipt of their religious articles. See Sts. Constantine & Helen Greek Orthodox Church, Inc. v. City of New Berlin, 396 F.3d 895, 901 (7th Cir. 2005)

---

[2] To the extent Defendants are attempting to discuss the issue of Plaintiff's standing, the Magistrate Judge has already appropriately addressed and rejected Defendants' arguments. Dkt. No. 127, p. 8 n.5.

AO 72A
(Rev. 8/82)

(per Posner, J.) (finding substantial burden under RLUIPA given "delay" and "uncertainty" arising from need to keep applying for rezoning). Further, Plaintiff has produced evidence that his receipt of religious items has been inhibited by this policy.

Thus, at this stage, the record before the Court contains sufficient evidence that Defendants have and will continue to substantially burden Plaintiff's exercise of his sincerely held religious beliefs.

**CONCLUSION**

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court and **DENIES** Defendants' Motion for Summary Judgment, dkt. no. 119.

**SO ORDERED**, this 29th day of March, 2017.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)